UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ESTATE OF DANIEL ANDERSON, a/k/a Danny Anderson, by and through Lori Nichols Arola, personal representative, <br><br>Plaintiff, <br><br>-vs- <br><br>PELICAN LAKE CONSULTING, a North Dakota Corporation; and MICHAEL T. RUSS, d/b/a M.T.R. Construction, <br><br>Defendants. | CIV. 03-4257 **FILED** MAY 25 2005 <br><br>REPORT AND RECOMMENDATION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Defendant Pelican Lake Consulting's Motion for Summary Judgment (Doc. 33). Pelican Lake requests summary judgment in its favor on its cross-claim against Defendant Michael T. Russ d/b/a M.T.R. Construction. Pelican Lake asserts that Defendant Russ has a contractual obligation to fully indemnify for and a legal obligation to contribute to any loss paid by Pelican Lake as a result of Plaintiff's claim.

## REASON FOR REPORT AND RECOMMENDATION

The Magistrate Judge presided over this case with the consent of plaintiff and defendant Pelican Lake. Up to this time there have been no matters over which the Magistrate Judge presided in which the defendant Russ has been involved and there have been no Orders entered which involved or related to Russ. He has never appeared in the litigation. Even though he is a named defendant, the complaint was not served upon him by the plaintiff. The cross claim was served upon him by Defendant Pelican Lake. This matter involves the cross claim only. The claim between plaintiff and Pelican Lake was previously settled by the plaintiff and Pelican Lake. Because Russ has not consented to have the Magistrate Judge preside over the claim in which he is involved, and because this matter is a dispositive matter, this **REPORT AND RECOMMENDATION** is made.

## PROCEDURAL BACKGROUND

Plaintiff's Complaint was filed on November 21, 2003 against Pelican Lake Consulting and Michael T. Russ d/b/a M.T.R. Construction (Doc. 1). On November 24, 2003, service was made on Defendant Pelican Lake (Doc. 4). The court file contains no proof of service of Plaintiff's Complaint on Defendant Russ[1].

On December 12, 2003, Pelican Lake filed its answer to the complaint and a cross-claim against Defendant Russ (Doc. 5). Service of the cross-claim was made on Defendant Russ on April 20, 2004 (Doc. 13).

In October 2004, a mediation was held and Plaintiff's claims against Pelican Lake were eventually settled. In November 2004, counsel for Plaintiff and Pelican Lake filed a Stipulation (Doc. 30) and the court entered its Judgment of Dismissal (Doc. 31), dismissing Plaintiff's Complaint, with prejudice, but preserving Pelican Lake's cross-claim against Defendant Russ.

On April 28, 2005, Pelican Lake filed the pending Motion for Summary Judgment (Doc. 33). Defendant Russ has filed no response to the motion, nor has he appeared in the case whatsoever.

## FACTUAL BACKGROUND

Pelican Lake moved for summary judgment and, as required by local rule 56.1(B), submitted a statement of undisputed material facts (Doc. 35). Defendant Russ did not respond to the Statement of Undisputed Material Facts. The Local Rules of Practice for the United States District Court, District of South Dakota require the party opposing a summary judgment motion to respond to the moving party's statement of undisputed material facts, and provides "all material facts set forth in

---

[1] The only mention in the record that Defendant Russ may have been served with a copy of Plaintiff's Complaint is contained in the Form 35 Report filed by counsel for Plaintiff and Defendant Pelican Lake on February 9, 2004 (Doc. 7).

2

the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." See Local Rule 56.1(B),(C)) & (D). Because Defendant Russ did not respond to the Statement of Undisputed Facts, therefore, he has admitted them. The Court could grant summary judgment without further analysis because "if the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). That said, and considering Defendant Russ has not appeared in the case despite being served with a copy of the cross-claim and the motion for summary judgment, the court adopts, in full, Pelican Lake's Statement of Undisputed Facts.

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The record must be viewed in a light most favorable to the non-moving party. Stone Motor Company v. General Motors Corp., 293 F.3d 456, 465 (8th Cir. 2002). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. Id. at 248, 106 S.Ct. at 2510. The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. Id. at 247, 106 S.Ct. at 2509-10. Once the moving party has met its burden, the non-moving party must set forth specific record facts showing that a genuine issue of material fact exists. Stone Motor Company, 293 F.3d at 465. Additionally, a district court has no obligation to "plumb the record in order to find a genuine issue of material fact." Barge v. Anheuser Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996). Nor is the court

3

"required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." Id.

Paragraph 4.6 of the contract between the contractor Pelican Lake and the subcontractor Russ provides that Russ shall indemnify Pelican Lake from and against claims, damages and losses, including attorney's fees, arising out of performance of the subcontractor's work, but only to the extent caused by Russ' negligent acts or omissions. Plaintiff fell to his death from the improperly guarded third floor while installing flooring. It was part of Russ' construction project to guard its employees from falling. Pelican Lake paid $100,000 to plaintiff's estate to settle the claim. Pelican Lake has not claimed attorney's fees as part of the indemnity claim. Pelican Lake cross-claimed against Russ for contractual indemnification and contribution. Plaintiff was Russ' employee. Paragraph 4.6.2 of the contract provides the obligation to indemnify shall not be limited by, among other matters, the law of workers' compensation.

One who is himself at fault cannot recover indemnity. There is no evidence in the record that Pelican Lake was wholly or partially at fault for plaintiff's fall. Pelican Lake is entitled to contractual indemnification from Russ, but not contribution among tortfeasors. Indemnity is an all or nothing proposition arising from contract. Contribution is proportionate sharing of the obligation to pay according to the percentages of fault (tort). The $100,000 paid by Pelican Lake is a fair and reasonable amount of money to pay the estate of plaintiff for damages flowing from his death. Pelican Lake is entitled to be indemnified by Russ in the amount of $100,000.

4

## CONCLUSION

It is **RECOMMENDED** that Pelican Lake Consulting's Motion for Summary Judgment (Doc. 33) should be GRANTED for indemnity and DENIED for contribution. Pelican Lake is entitled to indemnity from Russ for 100% of its loss, $100,000, plus prejudgment interest from November 10, 2004.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 25 day of May, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy

(SEAL)